T. Christopher ROBSON, Appellant,

v.

Garrett GILBREATH and David Gilbreath, Appellees.

No. 03–06–00364–CV.

Court of Appeals of Texas, Austin.

Aug. 1, 2008.

Rehearing Overruled Oct. 20, 2008.

---

E. Kent Manns, Baker, Brown & Dixon, Arlington, TX, Frederick Coogan, III, Coogan & Associates, P.C., Austin, TX, for Appellees.

T. Christopher Robson, Robson Law Firm, Austin, TX, pro se.

Before Justices PATTERSON, PEMBERTON and WALDROP.

## OPINION

G. ALAN WALDROP, Justice.

T. Christopher Robson appeals the trial court's order sanctioning him $10,000 for failure to conduct a reasonable inquiry prior to filing a negligent entrustment claim against appellee David Gilbreath. Robson contends that the negligent entrustment claim was not groundless and that he conducted a reasonable inquiry prior to filing the claim. He also contends that the trial court erred by failing to state the specific reasons for the sanctions in the order and by imposing sanctions absent evidence that he filed the negligent entrustment claim in bad faith or for the purpose of harassment. We affirm.

Robson represented plaintiffs in a lawsuit against appellees David Gilbreath and Garrett Gilbreath. The lawsuit concerned an automobile accident that occurred in February 2004 during which a vehicle driven by Garrett Gilbreath struck and killed Elizabeth Daley, the mother and wife of plaintiffs. Plaintiffs asserted claims against Garrett Gilbreath for negligence and against Garrett's father, David Gilbreath, "for negligently entrusting a large vehicle, such as his Chevrolet Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience."

After the first amended petition was filed on November 10, 2004, the parties agreed to postpone taking depositions until the minor children of the estate of Eliz-abeth Daley were brought into the case and the probate matters of the estate of Elizabeth Daley were resolved. On December 3, 2004, Fred Coogan, attorney for appellees, sent a letter brief to Robson requesting him to dismiss the negligent entrustment claim against David Gilbreath because it was groundless. Coogan attached a copy of Garrett's driver's license and an affidavit from David Gilbreath to the letter brief. Robson contends that he informed Coogan that he would consider nonsuiting the negligent entrustment claim if appellees' deposition testimony did not provide support for the claim.

On August 5, 2005, appellees filed a no-evidence motion for partial summary judgment and a traditional motion for partial summary judgment on the negligent entrustment claim. In the traditional motion for partial summary judgment, appellees requested sanctions against Robson "for filing a groundless claim and/or for failing to nonsuit a groundless claim against Defendant, David Gilbreath." A hearing on the motions for partial summary judgment was originally scheduled for September 1, 2005. However, on August 23, 2005, the parties agreed that Coogan would cancel the summary judgment hearing and that the depositions would be postponed until such time as the probate matters of the estate of Elizabeth Daley were resolved.

The probate court signed and approved a judgment declaring heirship and authorizing letters of dependent administration in the estate of Elizabeth Daley on January 24, 2006. On March 22, 2006, Robson filed a motion for continuance of the hearing on appellees' no-evidence motion for partial summary judgment, which was scheduled for March 30, 2006, arguing that appellees had not cooperated with several requests for depositions. The court held a

hearing on the motion for continuance on March 30, 2006, and ordered a continuance of the hearing on the motions for partial summary judgment for at least 40 days for the specific purpose of "tak[ing] defendants' depositions."

David Gilbreath and Garrett Gilbreath were deposed on April 14, 2006. Shortly thereafter, plaintiffs nonsuited their claims against David Gilbreath. On May 2, 2006, the trial court held a hearing on appellees' motion for sanctions and found "good cause for sanctions because of the failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing suit." It ordered Robson to pay $10,000 to David Gilbreath. On July 10, 2007, the parties entered into a Rule 11 settlement agreement dismissing the plaintiffs' claims against Garrett Gilbreath. The trial court subsequently entered a take nothing judgment in favor of Garrett Gilbreath.

 The only issue in this appeal concerns the trial court's order sanctioning Robson $10,000 for failure to conduct a reasonable inquiry prior to filing suit. A trial court's decision to impose sanctions under Texas Rule of Civil Procedure 13 will not be reversed on appeal unless an abuse of discretion is shown. *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 276 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex.App.–Dallas 1994, writ denied).

 Texas Rule of Civil Procedure 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a pleading that is either (1) groundless and brought in bad faith; or (2) groundless and brought for the purpose of harassment. *See* Tex.R. Civ. P. 13. One purpose of the rule is to check abuses in the pleading process—that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable. *Appleton v. Appleton*, 76 S.W.3d 78, 86 (Tex. App.–Houston 2002 [14th Dist.], no pet.). To determine whether rule 13 sanctions are proper, the trial court must examine the facts and circumstances in existence at the time the pleading was filed. *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 668 (Tex. App.–Dallas 2003, no pet.).

 In his first issue, Robson contends that the trial court erred by granting appellees' motion for sanctions because the claim he filed against David Gilbreath for negligent entrustment was *not groundless*. Groundlessness turns on the legal merits of a claim. *River Oaks Place Council of Co–Owners v. Daly*, 172 S.W.3d 314, 322 (Tex.App.–Corpus Christi 2005, no pet.). To establish negligent entrustment of an automobile, a plaintiff must prove the following elements: (1) the owner entrusted the automobile, (2) to a person who was an unlicensed, incompetent, or reckless driver, (3) who the owner knew or should have known was incompetent or reckless, (4) the driver was negligent, and (5) the driver's negligence proximately caused the accident and the plaintiff's injuries. *De Blanc v. Jensen*, 59 S.W.3d 373, 375–76 (Tex.App.–Houston [1st Dist.] 2001, no pet.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987)). An entrustee's previous driving record or driving habits may show incompetence, recklessness, or intemperance. *Revisore v. West*, 450 S.W.2d 361, 364 (Tex.Civ.App.–Houston [14th Dist.] 1970, no writ). Equal or greater credence may be attached to the mental or physical condition of an entrustee at the time he is loaned an automobile. *Id.*

In this case, Robson did not allege that Garrett Gilbreath was an unlicensed or incompetent driver or that David Gilbreath knew or should have known that Garrett was an unlicensed or incompetent driver. Rather, he filed the negligent entrustment claim against David Gilbreath on the basis that David "negligently entrust[ed] a large vehicle, such as his Chevrolet Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience." Mere involvement in a collision does not create an inference or conclusion that a driver is incompetent or reckless. *Monroe*, 884 S.W.2d at 818. Furthermore, evidence that a driver is inexperienced, without more, does not permit an inference that the driver lacked judgment or perception or was otherwise an incompetent driver. *See Aboushadid v. Ward*, No. 07–05–00140–CV, 2007 WL 397117, *4–5, 2007 Tex.App. LEXIS 885, at *8–9 (Tex.App.–Amarillo Feb. 5, 2007, no pet.) (holding that evidence of sixteen-year-old driver's inexperience does not permit inference that she lacked judgment or perception or was otherwise an incompetent driver to support a negligent entrustment claim against the driver's parents). Prior to filing the first amended petition, Robson received one set of interrogatories from Garrett Gilbreath in which Garrett disclosed that he was "taking prescription medication" at the time of the accident. Robson contends that this discovery led him to believe that the prescription medication may have impaired Garrett's driving and that David Gilbreath may have known of this impairment—facts that, if true, would tend to support a claim of negligent entrustment. However, Robson did not allege these facts as the basis for the negligent entrustment claim. Instead, he filed the claim on the basis that David Gilbreath entrusted his large vehicle to an inexperienced driver. This asserted claim has no basis in law or fact. There-

fore, we hold that the trial court did not abuse its discretion in determining that the negligent entrustment claim asserted against David Gilbreath was groundless.

In his second issue, Robson contends that he conducted a reasonable inquiry prior to filing the negligent entrustment claim. Reasonable inquiry means the amount of examination that is reasonable under the circumstances of the case. *Monroe*, 884 S.W.2d at 817. Robson contends that he "pursued all avenues of investigation that were open and reasonable at the time, including obtaining the full, investigation file of the Austin Police Department, numerous witness statements, the medical examiners' report and personal inspection of the accident scene." Having reviewed the record, we conclude that the trial court did not abuse its discretion by concluding that Robson did not conduct a reasonable inquiry prior to filing the negligent entrustment claim. As discussed above, at the time Robson filed his first amended petition, he had not uncovered any facts tending to show that Garrett Gilbreath was an unlicensed, incompetent, or reckless driver or that David Gilbreath knew or should have known that Garrett was an incompetent or reckless driver. The issue of whether Garrett was taking prescription medication at the time of the accident that would impair his driving (he was not) was not investigated until the defendants were deposed in April 2006. This inquiry should have occurred before Robson filed a negligent entrustment claim against David Gilbreath. The trial court did not abuse its discretion in determining that Robson failed to conduct a reasonable inquiry.

In his third and fourth issues, Robson contends that the trial court abused its discretion by failing to state the specific reasons for the sanctions in the order and by imposing sanctions absent evidence that

he filed the claim in bad faith or for the purpose of harassment.

■■■■ In imposing rule 13 sanctions, the trial court is required to state the particulars of good cause justifying sanctions in the order. *See* Tex. R. Civ. P. 13. Failure to comply with this directive is an abuse of discretion. *Texas–Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex.App.–Texarkana 2000, no pet.). In this case, the trial court did not state the particulars of good cause for sanctions, such as whether the negligent entrustment claim was groundless and brought in bad faith or groundless and brought for the purpose of harassment. The order awarding sanctions against Robson states:

> the Court, after considering said Motion, the response, the pleadings on file, the evidence, and arguments of counsel, finds good cause for sanctions because of the failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing suit.

However, because Robson did not object to the form of the sanctions order, he has waived any objection to the absence of a bad faith or harassment finding. *See Mecom*, 28 S.W.3d at 135; *Land v. AT & S Transp. Inc.*, 947 S.W.2d 665, 667 (Tex. App.–Austin 1997, no writ). Thus, we consider whether the record contains any evidence to support an *implied* finding that the claim was brought in bad faith or for the purpose of harassment. *See Mecom*, 28 S.W.3d at 136; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.–Dallas 1993, no writ).

■■■■ A party acts in bad faith when discovery puts him on notice that his understanding of the facts may be incorrect, and he does not make reasonable inquiry into the facts before filing a pleading. *Monroe*, 884 S.W.2d at 819. Improper

motive is an essential element of bad faith. *Elkins*, 103 S.W.3d at 669. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Id.*

■■■■ As previously discussed, Robson asserted a groundless claim of negligent entrustment against David Gilbreath and failed to conduct a reasonable inquiry into the facts before filing his first amended petition. Robson's contention that Garrett's interrogatory answers led him to believe that there was a factual basis for the negligent entrustment claim based on Garrett's use of prescription medication at the time of the accident does not support or explain Robson's filing of the first amended petition, which alleged a claim of negligent entrustment on wholly different grounds (i.e., that David Gilbreath negligently entrusted a large vehicle to an inexperienced driver). Robson's failure to make a reasonable inquiry into the facts supporting a negligent entrustment claim before filing the claim supports the district court's implied finding of bad faith. *See Monroe*, 884 S.W.2d at 819. A party cannot avoid rule 13 sanctions by claiming he was not actually aware of the facts making his claim groundless when he has not made reasonable inquiry, nor can a party avoid rule 13 sanctions by claiming he was not acting with malicious or discriminatory purpose in bringing the claim. *Id.* The sanctions imposed by the trial court are supported by Robson's failure to make a reasonable inquiry into the facts supporting the claim that he filed. On this record, we cannot conclude that the district court abused its discretion in imposing sanctions against Robson.[1]

Affirmed.

Dissenting Opinion by Justice PATTERSON.

---

1. The dissent bases its conclusions on the notion that the trial court did not hold an

JAN P. PATTERSON, Justice, dissenting.

Without conducting an evidentiary hearing, the trial court sanctioned plaintiffs' counsel T. Christopher Robson for failure to conduct a reasonable inquiry prior to filing suit. Because the trial court did not have evidence from which it could make required findings that Robson brought suit in bad faith or for the purpose of harassment, I would hold that there was no evidence from which the trial court could exercise its discretion and reverse the trial court's order.[1] Accordingly, I respectfully dissent.

Because the majority fails to adequately address the procedural and substantive requirements of Texas Rule of Civil Procedure 13, I begin with a review of the rule and its requirements. Rule 13 authorizes a court to sanction a party or his counsel if a party files a pleading that is either (1) groundless and brought in bad faith or (2) groundless and brought for the purpose of harassment. Tex.R. Civ. P. 13; *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 668 (Tex. App.–Dallas 2003, no pet.); *Monroe v. Grider*, 884 S.W.2d 811, 817 (Tex.App.–Dallas 1994, writ denied). "If a pleading, motion or other paper is filed in violation of [Rule 13], the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule [of Civil Procedure] 215, upon the person who signed it, a represented party, or both." Tex.R. Civ. P. 13. No sanctions may be imposed under Rule 13 "except for good cause, the particulars of which must be stated in the sanction order." *Id.*

Pursuant to Rule 13, pleadings are presumed filed in good faith, and the burden is on the moving party to show a pleading was groundless and brought in bad faith or for the purpose of harassment. Tex.R. Civ. P. 13; *Emmons v. Purser*, 973 S.W.2d 696, 700 (Tex.App.–Austin 1998, no pet.). To show bad faith, the moving party must present evidence of the "conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex.App.–Houston [14th Dist.] 2000, no pet.) (citation omitted). Bad faith is more than "bad judgment or negligence." *Id.* "Harass" is used "to describe words, gestures, and ac-

---

evidentiary hearing and did not have before it any evidence that Robson filed his negligent entrustment claim in bad faith. Robson did not raise the lack of an evidentiary hearing as a point of error on appeal. The likely reason Robson did not raise this as a point of error is that a hearing on the motion for sanctions was held before the trial court on May 2, 2006, and the trial court did consider evidence. The hearing was recorded, and the reporter's record of the hearing is in the appellate record. The evidence considered by and expressly referenced by the trial court at the hearing was the evidence attached to the motion for sanctions and the trial court's file. Robson did not object to any of the evidence attached to the motion nor the trial court's consideration of that evidence or the court's file. In any event, we are not at liberty to reverse a trial court judgment for a reason not raised in a point of error unless the error is jurisdictional or fundamental. *See Walling*

*v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993). As for evidence of bad faith, the record reflects that the trial court had before it sufficient evidence for the court to find bad faith, both circumstantial and direct. The circumstances surrounding Robson's filing as revealed in the record would allow the trial court, in its discretion, to conclude that the filing was made in bad faith.

1. Because of the complete lack of evidence that Robson filed the negligent entrustment claim in bad faith or for the purpose of harassment that should have been fatal to the motion for sanctions, I have not addressed the circumstances of the automobile accident that was the basis for the plaintiffs' suit, the chronology of events in discovery between the parties, or evidence of a medical impairment that was disclosed during discovery.

tions that tend to annoy, alarm, and verbally abuse another person." *Elkins*, 103 S.W.3d at 669 (citation omitted). Pleadings, standing alone, are not evidence of bad faith or harassment. *Id.*

Rule 13 requires the trial court "to base sanctions on the acts or omissions of the represented party or counsel" and, when determining whether sanctions are proper, the trial court must examine the facts that were available and the circumstances existing at the time the party filed the pleading. *Id.* at 668; *Monroe*, 884 S.W.2d at 817. Thus, the trial court under these circumstances must convene and conduct an evidentiary hearing. *See Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 669–70 (Tex.App.–Corpus Christi 2004, no pet.) ("Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading.... Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass.") (internal citations omitted); *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 277 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) ("Because appellees had the burden to establish that sanctions were justified, it was 'imperative for the trial court to convene and conduct an evidentiary hear-

ing.'") (citation omitted); *Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 764 (Tex. App.–Amarillo 1998, pet. denied) (If the "rule of law requires the court to conduct a hearing and receive evidence before it can make a decision and the court does neither, then the court fails to do the things necessary to enable it to soundly exercise its discretion. The result is an abuse of discretion."); *Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex.App.–Fort Worth 1995, orig. proceeding) ("Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass."); *Cantu–McGarrahan v. Foote*, No. 03–01–00506–CV, 2002 WL 1728587, *4, 2002 Tex.App. LEXIS 5404, at *10 (Tex.App.–Austin July 26, 2002, no pet.) (mem. op.) ("[R]ule 13 requires that a court hold an evidentiary hearing in order to make the necessary factual determinations about the motives and credibility of the persons signing the pleading in issue.").[2] In the context of Rule 13's procedural and substantive requirements, I turn to the trial court's sanctions against Robson.

In its order, the trial court states it was sanctioning Robson "because of the failure of Plaintiffs' counsel to conduct a reasonable inquiry prior to filing suit."[3] Robson

---

**2.** Although there are circumstances when a trial court may sanction by taking judicial notice of items in the trial court's file at the hearing, *see Gibson v. Ellis*, 126 S.W.3d 324, 336 (Tex.App.–Dallas 2004, no pet.) (at trial on counterclaim for sanctions, trial court took judicial notice of evidence presented at jury trial; sanctions award affirmed); *Texas–Ohio Gas Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.–Texarkana 2000, no pet.) (trial court had no evidence to determine bad faith or to harass when there was no evidentiary hearing and the trial court did not take judicial notice of any items in the file), a trial court's power to sanction is limited by the due process con-

cerns of notice and hearing. *See Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.–Houston [1st Dist.] 2005, pet. denied) (traditional due process protections of notice and hearing required before a trial court can impose sanctions). Here, the trial court did not take judicial notice and there was no request to do so.

**3.** At the conclusion of counsel's arguments at the hearing, the trial court stated its reason for sanctioning Robson: "The reason for it, Counsel, is, again, the discovery and the investigation before you file your lawsuit, not

filed suit on behalf of Michael Woodworth, individually and as representative of the estate of Elizabeth Daley, in August 2004, against Garrett Gilbreath,[4] the driver of an automobile involved in an accident that resulted in Daley's death, alleging negligence, and against Garrett's father, David Gilbreath, alleging negligent entrustment.[5] Robson filed an amended petition in November 2004, retaining the negligent entrustment claim and adding additional plaintiffs. Mr. David Gilbreath, thereafter in August 2005, sought sanctions in a motion for partial summary judgment and motion for sanctions, asserting that the plaintiffs' negligent entrustment claim was groundless. Mr. Gilbreath sought sanctions against plaintiffs' counsel for "filing a groundless claim and/or for failing to non-suit a groundless claim" against him. Mr. Gilbreath did not address the amount of sanctions that he was seeking or cite any authority for sanctions in his motion.[6] At the sanctions hearing, neither party offered evidence[7] but, at the end of the hearing, the trial court sanctioned Robson in the amount of $10,000 payable to Mr. Gilbreath.

Robson contends on appeal that even if this Court determines that the negligent entrustment claim was groundless and that his inquiry was not reasonable under the circumstances, Mr. Gilbreath offered no evidence that Robson filed the petitions in bad faith or for the purpose of harassment. Assuming without deciding that the plaintiffs' petitions alleging negligent entrustment were groundless, because Robson did not timely object to the form of the order or request more particularity in the order, the issue for this Court is whether there is evidence to support an implied finding that Robson filed the petitions in bad faith or for the purpose of harassment. *See Texas–Ohio Gas Inc. v. Mecom*, 28 S.W.3d 129, 136, 139 (Tex.App.–Texarkana 2000, no pet.); *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 757 (Tex.App.–Dallas 1993, no writ).

Without addressing (i) Rule 13's presumption that pleadings are filed in good faith, (ii) Mr. Gilbreath's burden, as the movant, to offer evidence that plaintiffs' petitions were filed in bad faith or for the purpose of harassment, or (iii) the distinction between argument and evidence, the majority concludes that the trial court did not abuse its discretion in finding bad

fishing while you're in it to find a cause of action. That's the reason."

4. At the time of the accident, Garrett Gilbreath was 16 years old.

5. The record reflects that Garrett Gilbreath settled the claims against him for approximately $125,000.

6. Prior to the scheduled May 2, 2006, hearing on Mr. Gilbreath's motion for partial summary judgment and motion for sanctions, the parties entered into a rule 11 agreement, dated April 18, 2006, in which Mr. Gilbreath agreed to cancel the summary judgment hearing that was set for May 2, and the plaintiffs agreed to non-suit Mr. Gilbreath with prejudice. On May 2, plaintiffs non-suited Mr. Gilbreath with prejudice, but the trial court proceeded with the sanctions hearing. The

parties dispute the terms of the rule 11 agreement. Robson contends that the parties agreed to cancel the hearing in its entirety, including the hearing on Mr. Gilbreath's motion for sanctions. Robson was not present at the hearing; another attorney from his firm was present.

7. In its order, the trial court states that it considered the "Motion, the response, the pleadings on file, the evidence, and arguments of counsel." Although Mr. Gilbreath attached two letters sent by Mr. Gilbreath's counsel to Robson after suit was filed to his motion for partial summary judgment and sanctions, the record reflects that neither party offered evidence at the hearing and that the trial court did not admit any evidence.

faith.[8] Because no evidence was offered at the hearing, however, there was no evidence from which the trial court could determine Robson's motives. *See McCain*, 856 S.W.2d at 757 ("Motions and arguments of counsel are not evidence."); *see also Alejandro v. Bell*, 84 S.W.3d 383, 393 (Tex.App.–Corpus Christi 2002, no pet.) ("In order for the trial court to consider documents as evidence in a Rule 13 context, they must be admitted in compliance with the rules of evidence at the evidentiary hearing.... The letter was neither offered nor admitted into evidence.").[9]

Without receiving evidence at the hearing of Robson's motives at the time he filed the plaintiffs' petitions, the trial court had no evidence to determine that Robson filed the petitions in bad faith or for the purpose of harassment.[10] *See GTE*

---

**8.** The majority equates its conclusion that Robson failed to make a reasonable inquiry prior to filing the negligent entrustment claim with an implied finding of bad faith, citing to *Monroe v. Grider*, 884 S.W.2d 811, 819 (Tex. App.–Dallas 1994, writ denied). In *Monroe*, the trial court held that depositions should have put a party and her counsel on notice that their understanding of the facts was incorrect, showing bad faith in signing and filing an amended petition after the depositions took place. *Id.* In contrast, the relevant time period for determining whether to sanction Robson was before the depositions of Mr. Gilbreath and his son were taken—when Robson filed the original and first amended petitions. Shortly after the depositions were taken, Robson, on behalf of his clients, dismissed the negligent entrustment claim against Mr. Gilbreath.

**9.** Even if counsels' argument and the letters attached to Mr. Gilbreath's motion for partial summary judgment and for sanctions are considered as evidence in determining sanctions, Mr. Gilbreath failed to offer evidence of bad faith or harassment at the time Robson filed the original petition and the first amended petition alleging negligent entrustment. Counsel did not address Robson's motives when Robson filed these petitions against Mr. Gilbreath. Nor did the summary judgment evidence address these issues. The two letters—a December 2004 letter briefing the elements of a negligent entrustment claim and demanding that plaintiffs immediately nonsuit Mr. Gilbreath, and a January 2005 letter with an affidavit from Mr. Gilbreath concerning his son's driving record and a copy of his son's driver's license—were sent after the petitions were already filed. Letters sent after the petitions were already filed are not evidence of Robson's motives at the time the petitions were filed. *See Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 765 (Tex. App.–Amarillo 1998, pet. denied) (trial court abused discretion in assessing Rule 13 sanctions against party for "*continuing* his suit once [the opposing party] provided him with evidence which allegedly rebutted his contentions. Yet, Rule 13, by its very words, only encompasses the *initiation* of a frivolous action for improper motive, not the continuation of a suit after it is shown to be baseless."). Although Robson filed a petition in intervention on behalf of the dependent administrator of the estate of Elizabeth Daley in February 2006, which date was after he received the referenced letters from counsel, Mr. Gilbreath did not address or complain of the petition in intervention in his motion for sanctions; his motion for partial summary judgment and sanctions was filed in August 2005. In any event, the petition in intervention was filed prior to the depositions of Mr. Gilbreath and his son. *See Emmons v. Purser*, 973 S.W.2d 696, 701 (Tex.App.–Austin 1998, no pet.) ("without sworn testimony absolving [the defendant]," refusing to adhere to numerous requests by opposing counsel to dismiss claims did not demonstrate bad faith or harassment). Mr. Gilbreath's counsel demanded dismissal but, at the same time, he refused to allow the defendants' depositions to proceed. The majority's holding places counsel in an untenable position. Refusing to dismiss a claim may subject counsel to sanctions and, on the other hand, choosing to dismiss a claim without sworn testimony absolving the opposing party subjects counsel potentially to legal malpractice if it is later determined that the claim was viable.

**10.** In the briefing to this Court, Mr. Gilbreath cites evidence that Robson filed with the trial court in a motion for reconsideration and rehearing from the sanction award. This evidence was not before the trial court when it made its ruling and does not provide the

*Commc'ns Sys. Corp. v. Tanner,* 856 S.W.2d 725, 731 (Tex.1993) (trial court abused discretion in awarding Rule 13 sanctions when no proof that party before filing pleading was aware of evidence discrediting pleading); *Elkins,* 103 S.W.3d at 669 (trial court abused discretion in granting Rule 13 sanctions when no evidence of motive in filing pleading; movant did not "put on any evidence at the hearing"); *Alejandro,* 84 S.W.3d at 393 ("Because appellee presented no evidence at the sanctions hearing from which the trial court could determine that appellant had filed his lawsuit in bad faith, we hold the trial court abused its discretion in assessing Rule 13 sanctions against appellant and his attorney."). Because Mr. Gilbreath, as the movant, did not present evidence at the hearing that Robson filed the petitions in bad faith or for the purpose of harassment, there was no evidence from which the trial court could determine Robson violated

Rule 13.[11] *See Alejandro,* 84 S.W.3d at 393.

Because Mr. Gilbreath failed to offer evidence to overcome the presumption that Robson filed the petitions in good faith, I would conclude that there was no evidence from which the trial court could exercise its discretion to sanction Robson pursuant to Rule 13, and I would reverse the trial court's order.[12]

---

missing evidence to support Rule 13 sanctions. *See Mecom,* 28 S.W.3d at 139–40 (admissions and letter were not in the record at the time the trial court entered order so not properly considered to show bad faith and to support sanctions).

11. The majority's opinion is simply incorrect that "Robson did not raise the lack of an evidentiary hearing as a point of error on appeal." Robson's third issue on appeal directly raises the lack of evidence to support sanctions: "The trial court erred in granting Appellee's Motion for Sanctions on the ground that Appellee offered no evidence of bad faith or that the claim complained of was brought for the purpose of harassment, as required under Texas Rule of Civil Procedure 13." The majority's opinion fails to recognize the significance and relevance of an evidentiary hearing on a motion for sanctions in light of the presumption that pleadings are filed in good faith. The lack of an evidentiary hearing is relevant and significant in this case because, without the movant presenting evidence to overcome the presumption of good faith, the trial court abused its discretion in awarding sanctions. *See Alejandro v. Bell,* 84

S.W.3d 383, 392–93 (Tex.App.–Corpus Christi 2002, no pet.). It was Mr. Gilbreath's burden as the movant, not Robson's, to present evidence at the sanctions hearing to overcome the presumption of good faith. *See id.* I would conclude that Robson properly preserved and presented the lack of evidence to support sanctions for this Court's review. *See also* Tex.R.App. P. 33.1(d); *McCain v. NME Hospitals, Inc.,* 856 S.W.2d 751, 756 (Tex. App.–Dallas 1993, no writ) (appellant may raise a no-evidence point for the first time on appeal in non-jury case).

12. Robson also contends that the sanction that was awarded against him should be reversed because Mr. Gilbreath did not offer evidence from which the trial court could assess $10,000 in attorney's fees: "Appellees offered no evidence whatsoever in support of any attorney's fees." *See* Tex.R. Civ. P. 13 (trial court directed to impose an "appropriate sanction available under Rule 215"). Because the lack of evidence to overcome the presumption of good faith is dispositive, I do not address this additional ground for reversal. *See* Tex.R.App. P. 47.1.