**Xenos YUEN, Siegel Yuen & Honore, PLLC, and Law Office of Xenos Yuen, P.C., Appellants,**

v.

**James GERSON, Appellee.**

No. 14–09–00635–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 2011.

Richard Todd Hopes, Anthony E. Farah, Houston, TX, for appellants.

Michael Singh Panesar, Houston, TX, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## SUBSTITUTE OPINION
## ON REHEARING

CHARLES W. SEYMORE, Justice.

We overrule appellee James Gerson's motion for rehearing, withdraw our opinion issued May 3, 2011, and issue this substitute opinion. Gerson's motion for rehearing en banc is denied as moot.

Appellants, Xenos Yuen, Siegel, Yuen & Honore, PLLC, and Law Office of Xenos Yuen, P.C., appeal the portion of a judgment ordering them to pay $25,000 to Gerson pursuant to his motion for sanctions. We reverse that portion of the judgment awarding $25,000 and court costs against appellants and render judgment denying Gerson's motion for sanctions.

## I. BACKGROUND [1]

Gerson is an attorney who represented Paul Kwok–Wah Law in a separate lawsuit. After Gerson withdrew from that representation, appellants began representing Law. Law later sued Gerson for negligence, gross negligence, breach of contract, breach of fiduciary duty, and violations of the Deceptive Trade Practices Act ("DTPA"), based on Gerson's allegedly deficient representation. Appellants represented Law in his suit against Gerson. Gerson filed a "counterclaim" against Law, alleging his claims were frivolous in violation of Chapter 9 of the Texas Civil Practice and Remedies Code.

The trial court granted no-evidence summary judgment in favor of Gerson on all of Law's claims. Subsequently, on February 2 and 4, 2009, the parties appeared for trial on Gerson's Chapter 9 "counterclaim." [2] At the outset of trial, Gerson orally requested the opportunity to present a motion for sanctions against appellants. The trial court denied the motion, concluding it was untimely. A bench trial was conducted on Gerson's "counterclaim" for sanctions against Law. After hearing evidence, the court orally announced its finding that Gerson incurred $16,675 in attorney's fees defending against Law's frivolous claims.

On March 13, 2009, Gerson filed a written motion requesting sanctions against Law and appellants pursuant to Texas Rule of Civil Procedure 13, Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and section 17.50(c) of the Texas Business and Commerce Code (a section of the Texas DTPA). On April 17, 2009, Gerson appeared for a hearing scheduled on the motion, but neither Law nor appellants appeared. After admitting evidence from Gerson regarding additional attorney's fees he had incurred since the February trial, the trial court orally announced it would assess sanctions against appellants.

On April 22, 2009, the trial court signed a final judgment, ordering that Law take nothing in his suit, determining that appellants brought a groundless lawsuit in viola-

---

1. In his brief, Gerson argues appellants did not comply with Rule of Appellate Procedure 38.1(g) which requires an appellant to support the factual assertions in the statement-of-facts section of its brief with record references. Tex.R.App. P. 38.1(g). In their reply brief, appellants include an amended statement-of-facts section with record references and request that we consider this statement of facts. We grant appellants' request and proceed as though we allowed appellants an opportunity to amend their brief pursuant to

Rule of Appellate Procedure 38.9(a). *See* Tex. R.App. P. 38.9(a).

2. Gerson had also filed a third-party claim against appellants, claiming that their subsequent representation of Law in the other matter contributed to any damages he may have sustained. However, at the outset of this trial, Gerson nonsuited his third-party claim against appellants in light of having obtained summary judgment on Law's claims.

tion of Rule 13, Chapters 9 and 10, and section 17.50(c), and awarding Gerson $16,675 against Law and $25,000 against appellants. The trial court also ordered both Law and appellants to pay post-judgment interest, court costs, and additional attorney's fees in the event they prosecuted an unsuccessful appeal to a court of appeals or the Texas Supreme Court. In the judgment, the trial court also recited various findings of fact and conclusions of law.

Appellants filed a motion for new trial contending they did not receive notice of the sanctions hearing. The trial court denied the motion without holding an evidentiary hearing.

## II. ANALYSIS

Appellants present twelve issues in which they challenge the sufficiency of evidence supporting the trial court's sanctions, the form of the sanctions order, and the trial court's refusal to hold an evidentiary hearing on appellants' motion for new trial.

Preliminarily, we note that some of appellants' complaints appear to pertain to portions of the judgment against Law. However, Law did not file a notice of appeal, and appellants acknowledge in their reply brief that the notice of appeal was filed by appellants only. Accordingly, we lack jurisdiction to consider any issues pertaining to the judgment against Law. *See Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 564 (Tex.2005); *Gantt v. Gantt,* 208 S.W.3d 27, 30 (Tex. App.-Houston [14th Dist.] 2006, pet. denied).

## A. Sanctions Against Appellants under Rule 13 and Chapters 9 and 10

■ We begin with appellants' tenth issue, in which they contend the trial court erred by sanctioning appellants because neither Yuen nor his law firms signed the allegedly frivolous pleadings. We construe this issue as appellants' contention the evidence is legally insufficient to support a finding that appellants signed the objectionable pleadings and, therefore, the trial court erred by sanctioning them.[3]

■ We review a trial court's order imposing sanctions under rule 13 and Chapters 9 and 10 for abuse of discretion. *See Low v. Henry,* 221 S.W.3d 609, 613–14 (Tex.2007); *Lake Travis Indep. Sch. Dist. v. Lovelace,* 243 S.W.3d 244, 257 (Tex. App.-Austin 2007, no pet.). Legal sufficiency of evidence is relevant in assessing whether the trial court abused its discretion. *Armstrong v. Collin Cnty. Bail Bond Bd.,* 233 S.W.3d 57, 62 (Tex.App.-Dallas 2007, no pet.). We will sustain a legal-sufficiency challenge if (1) the evidence shows a complete absence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex.2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. *Id.* at 820. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable reason-

3. Appellants were not required to preserve error in the trial court regarding this com-

plaint. *See* Tex.R.App. P. 33.1(d).

able and fair-minded people to reach the finding under review. *Id.*

It is undisputed that Yuen did not sign the challenged pleadings. Yuen's name was on the pleadings, but they were signed by associate attorneys at Yuen's law firms. Rule 13 and Chapters 9 and 10, respectively, provide for sanctions against the signatory of a groundless pleading. "If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon *the person who signed it,* a represented party, or both." Tex.R. Civ. P. 13 (emphasis added) (footnote omitted). "If the court determines that a pleading has been signed in violation of any one of the standards prescribed by Section 9.011, the court shall ... impose an appropriate sanction on *the signatory,* a represented party, or both." Tex. Civ. Prac. & Rem. Code Ann. § 9.012(c) (West 2002) (emphasis added). "A court that determines that *a person has signed a pleading* or motion in violation of Section 10.001 may impose a sanction on *the person,* a party represented by the person, or both." Tex. Civ. Prac. & Rem.Code Ann. § 10.004(a) (West 2002) (emphasis added).

At least two courts of appeals have held that the express language of Rule 13 limits sanctions for groundless pleadings to the attorney who actually signed the pleadings and a represented party. *See In re Hill,* No. 2–07–295–CV, 2007 WL 2891059, at *2 (Tex.App.-Fort Worth Oct. 3, 2007, orig. proceeding) (mem. op.); *Metzger v. Sebek,* 892 S.W.2d 20, 52 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Because the language in sections 9.012 and 10.004 is substantially similar to the language of Rule 13, we conclude those sections likewise

limit sanctions to the signatory attorney and a represented party. Consequently, we hold the evidence is legally insufficient to support sanctions against Yuen under Rule 13 and sections 9.012 and 10.004 because he did not sign the objectionable pleadings and was not a party to those pleadings.

■ For the same reason, the evidence is legally insufficient to support sanctions against Yuen's law firms. The objectionable pleadings were not signed on behalf of either firm. Furthermore, only licensed persons (not entities such as law firms) may practice law in Texas, and signing a pleading constitutes the practice of law. *See* Tex. Gov't Code Ann. § 81.051(a) (West 2005) ("The state bar is composed of those persons licensed to practice law in the state."); Tex. Gov't Code Ann. § 81.101(a) (West 2005) (defining "practice of law" as, among other actions, "preparation of a pleading or other document incident to an action ... on behalf of a client before a judge in a court[.]"); *see also Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.,* 261 S.W.3d 24, 33 (Tex.2008) ("Those rules permit only individuals meeting specified qualifications to practice law. Entities, including insurance companies, are excluded." (citation omitted)).

We recognize the First Court of Appeals has held that law firms *are* sanctionable under sections 9.012 and 10.004, although the court did not discuss or consider whether the law firm was "the signatory" or "a person [who] signed a pleading." *Finlay v. Olive,* 77 S.W.3d 520, 527 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (determining law firms are sanctionable under chapters 9 and 10 because no courts have specifically concluded otherwise and courts have sanctioned firms under different pro-

visions).[4] For the reasons discussed above, we disagree with our sister court. Accordingly, we conclude that the trial court erred to the extent it awarded Gerson $25,000 as a sanction against appellants under Rule 13 or Chapters 9 or 10. We sustain appellants' tenth issue.

## B. Attorney's Fees under Section 17.50(c).

 We next consider those portions of appellants' third and fourth issues in which they contend the trial court erred by finding appellants violated section 17.50(c) of the Business and Commerce Code by bringing the lawsuit against Gerson.

> On a finding by the court that an action under [section 17.50] was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

Tex. Bus. & Com.Code Ann. § 17.50(c) (West 2011). A claim for attorney's fees under section 17.50(c) is not a motion for sanctions; it is an independent claim. *See Ortiz v. Collins,* 203 S.W.3d 414, 420–21 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (holding request for attorney's fees under section 17.50(c) in defendant's answer was a counterclaim). Thus, although Gerson's pleading was denominated as a motion for sanctions, the substance of that portion of the pleading requesting fees pursuant to section 17.50(c) constituted a third-party claim. *See id.* ("Appellees emphasize that [the defendant] did not call his request a counterclaim, but we look to the substance of a claim to determine its nature, not its label.").

Nothing in the record indicates that appellants as *parties subject to a third-party claim* were served with citation, waived service, or entered an appearance before the trial court rendered judgment.[5] Consequently, a pre-appearance default judgment was effectively taken against appellants on Gerson's section 17.50(c) third-party claim. Assuming, without deciding, that appellants are subject to a third-party claim for damages under section 17.50(c), the trial court lacked jurisdiction over appellants to award such damages. *See In re Discount Rental, Inc.,* 216 S.W.3d 831, 832 (Tex.2007) (per curiam) ("Because the default judgment was taken without proper service, it was void."); *Lytle v. Cunningham,* 261 S.W.3d 837, 840 (Tex.App.-Dallas 2008, no pet.) ("When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void."); *see also In re Sheppard,* 193 S.W.3d 181, 189 & n. 8 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (recognizing trial court does not have jurisdiction until service has been achieved or defendant waives service or enters general appearance (citing *Cotton v. Cotton,* 57 S.W.3d 506, 511 (Tex.App.-Waco 2001, no pet.)). Moreover, appellants' awareness of the third-party claim did not subject them to a burden to act. *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990) ("Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act."). We conclude that the trial court erred to the extent it award-

---

4. Additionally, in at least two cases, courts have addressed Rule 13 sanctions against law firms, although neither case involved the issue of whether Rule 13 authorizes such sanctions. *See Howell v. Texas Workers' Comp. Comm'n,* 143 S.W.3d 416, 427 (Tex.App.-Austin 2004, pet. denied); *Susman Godfrey, L.L.P. v. Mar-*shall,* 832 S.W.2d 105 (Tex.App.-Dallas 1992, orig. proceeding).

5. Importantly, in their response to Gerson's motion for sanctions, appellants did not mention section 17.50(c) but addressed only chapter 9 and 10 and Rule 13.

ed Gerson $25,000 against appellants under section 17.50(c) and sustain those portions of appellants' third and fourth issues pertaining to section 17.50(c).

Having determined that the trial court erred by ordering appellants to pay $25,000 to Gerson, we need not consider appellants' remaining issues. Accordingly, we reverse that portion of the judgment awarding $25,000 and court costs against appellants and render judgment denying Gerson's motion for sanctions against appellants.