**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-22-00608-CV
_____

### WOODROW MILLER, Appellant

### V.

### MAPLEWOOD SQUARE COUNCIL OF CO-OWNERS, Appellee

---

### On Appeal from the 295th District Court
### Harris County, Texas
### Trial Court Case No. 2021-52303

---

### MEMORANDUM OPINION

This suit arises from a condominium association's judgment against a unit owner for delinquent maintenance assessments and subsequent foreclosure.

In a previous lawsuit in the 113th District Court of Harris County, appellee Maplewood Square Council of Co-Owners sued appellant Woodrow Miller for breach of contract and sworn account, alleging that Miller was delinquent in paying

assessments owed on his condominium unit. *Miller v. Maplewood Square Council of Co-Owners*, No. 01-18-00914-CV, 2020 WL 3422290 (Tex. App.—Houston [1st Dist.] June 23, 2020, pet. denied) (mem. op.). Maplewood sought damages and foreclosure of its assessment lien. The trial court granted summary judgment for Maplewood and ordered the unit sold. We affirmed the trial court's judgment on appeal, and the Supreme Court of Texas denied Miller's petition for review.

Subsequently, Miller filed the instant lawsuit against Maplewood in the 295th District Court of Harris County, seeking to invalidate the previous judgment. Maplewood moved for a summary judgment on the grounds of res judicata and collateral estoppel, and moved for sanctions against Miller for filing a frivolous petition. The trial court rendered judgment for Maplewood and sanctioned Miller by striking his petition with prejudice and ordering him to pay attorney's fees.

Miller appeals pro se. In fifty issues, he asserts that the trial court erred in granting Maplewood's motion for summary judgment and ordering sanctions.

We affirm.

## Background

Because our previous opinion addresses the underlying facts, we present only a summary of those pertinent to the issues before us. *See id.* at *1.

### 2017 Lawsuit

In 2017, Maplewood sued "Woodrow Miller d/b/a Judgment Recovery Express" in the 113th District Court of Harris County for breach of contract and sworn account, alleging that Miller was delinquent in paying maintenance assessments on his condominium unit. *Id.* Maplewood sought damages and an order authorizing the foreclosure of its assessment lien. *Id.*

Subsequently, Maplewood moved for a summary judgment on its claims and attached copies of deeds establishing a chain of title to the unit ending with Miller. *Id.* at *4. Namely, New Texas, Inc. sold the unit to Yigal Bosch in 1998, who then purported to sell it to Riverview of Highland in 2013. *Id.* We concluded, however, that Riverview did not exist as a legal entity in 2013. *Id.* Therefore, the purported transfer was of no effect. *Id.* The unit was later foreclosed upon to satisfy a judgment against Bosch, and Miller's company, "Judgment Recovery Express," acquired the property at a 2014 foreclosure sale. *Id.*

In 2015, Miller, as president of "Judgments 2 Ca$h, LLC, dba Judgment Recovery Express," conveyed the unit to Miller, individually. *Id.* Maplewood also

3

presented evidence that the account of "Woodrow Miller D/B/A Judgment Recovery Express" was delinquent in paying the assessments due on the unit. *Id.*

In his summary-judgment response, Miller asserted that questions of fact existed regarding certain transfers within the chain of title that precluded summary judgment for Maplewood. *Id.* at *6.

On September 19, 2018, the trial court granted summary judgment for Maplewood against "Woodrow Miller d/b/a Judgment Recovery Express" and ordered the unit sold (the "2018 Judgment").

Among Miller's complaints in his appeal from the 2018 Judgment was that Maplewood had failed to prove that he was the owner of the unit at issue—namely, that he was doing business as "Judgment Recovery Express." *Id.* at *7. We noted in our prior opinion that a suit against a person, individually and doing business as an entity, is a suit against only one defendant—the individual. *Id.* And, here, Maplewood had provided the deed establishing Miller's ownership, which Miller had also judicially admitted. *Id*. at *5. We concluded that the evidence established that Maplewood was entitled to summary judgment on its claims, and we affirmed the trial court's judgment. *Id.* The supreme court subsequently denied Miller's petition for review. *Id.* Our mandate issued and the unit was posted for a constable's sale on September 7, 2021.

4

*2021 Lawsuit*

On August 20, 2021, Miller filed the instant suit in the 295th District Court of Harris County to "quash" the constable's sale and enjoin Maplewood from executing on the 2018 Judgment. Miller asserted that the 2018 Judgment was "void" because the 113th District Court lacked "jurisdiction over the person" of "the non-entity Woodrow Miller d/b/a Judgment Recovery Express." He contended that his certificate of assumed name as "Judgment Recovery Express" expired in 2009; that he is doing business as "Judgments 2 Ca$h, LLC"; and that "Judgments 2 Ca$h, LLC" is doing business as "Judgment Recovery Express." He also asserted that the unit was his homestead and therefore exempt from execution.

On September 7, 2021, the constable sold Miller's condominium unit.

Maplewood later moved for a summary judgment on the affirmative defenses of res judicata and collateral estoppel. Maplewood also moved for sanctions against Miller,[1] asserting that his petition was groundless and filed in bad faith and for harassment purposes. It asked the trial court to strike Miller's petition as frivolous and to order Miller to pay attorney's fees.

Miller filed a summary-judgment response, again asserting fact issues in the chain of title and quoting from this Court's opinion in the first appeal. He did not challenge Maplewood's request for sanctions.

---

[1] *See* TEX. R. CIV. P. 13.

Miller then filed a Fourth Amended Petition, in which he challenged this Court's conclusions in its opinion in the previous appeal. In addition, he stated:

> Miller hereby adopts and incorporates [Maplewood's] judicial admissions contained in the following exhibits which [Maplewood] filed on April 4, 2022 as part of its Motion for Summary Judgment: [list of filings in the 2017 Lawsuit, including the 2018 Judgment.]
>
> . . . .
>
> MILLER adopts and incorporates by reference the res judicata, collateral estoppel and other claims preclusions effects of [this Court's opinion in the 2017 Lawsuit.]

After a hearing, the trial court granted summary judgment for Maplewood and sanctioned Miller by striking his pleadings, with prejudice, and ordering him to pay attorney's fees. Miller appeals.

## Sanctions

In issues 32 and 42, Miller asserts that the evidence does not support the trial court's sanctions of striking his pleadings with prejudice and ordering him to pay attorney's fees.[2] Because this issue is largely dispositive of this appeal, we address it first.

---

[2] Miller's briefing on appeal does not contain "clear and concise argument" to support his contentions or "appropriate citations to authorities and to the record," as required. *See* TEX. R. APP. P. 38.1(i). However, as our supreme court has instructed, "[w]e generally hesitate to turn away claims based on waiver or failure to preserve the issue[, and] we . . . construe briefing reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Weekley Homes, LLC, v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022) (internal quotations omitted); *Jackson v. Puckett*, No. 01-22-00369-CV, 2023 WL 1786427, at *1 (Tex. App.—Houston [1st Dist.] Feb. 7, 2023, pet. denied) (mem. op.). "Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d

Maplewood sought sanctions under Texas Rule of Civil Procedure 13,[3] asserting that Miller's petition was groundless and filed in bad faith and for the purpose of harassment. Maplewood asserted that Miller knowingly and intentionally filed his petition on the same issues already decided against him in the 113th District Court, this Court, and the supreme court. It further asserted that Miller's conduct was egregious and that his extant filing, despite his repeated failure on these same issues, "indicate[d] his deliberate attempt to delay and harass" Maplewood.

Maplewood asked the trial court to strike Miller's pleadings and to award it "all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the pleading." It also sought sanctions "in the amount of $3,950.00 under Rule 13," representing reasonable and necessary attorney's fees, for which it attached an affidavit in support.

After a hearing, the trial court granted Maplewood's motion for sanctions. The trial court ordered that Miller's pleadings be dismissed with prejudice and that Miller pay Maplewood $3,500.00 as reasonable and necessary attorney's fees and costs.[4]

---

585, 587 (Tex. 2008). "A brief's issue statement is sufficient if it directs the attention of the appellate court to the error about which [the] complaint is made." *Weekley Homes*, 646 S.W.3d at 827 (internal quotations omitted). Here, we understand from Miller's issue that he challenges the trial court's sanctions order.

[3] *See* TEX. R. CIV. P. 13.

[4] Any transcript of the sanctions hearing was not included in the appellate record.

## A.    Standard of Review

We review a trial court's decision to impose sanctions under an abuse-of-discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). "A trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App.—Austin 2008, pet. denied). A trial court does not abuse its discretion in imposing sanctions if some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

Our review is not limited to evaluating the sufficiency of the evidence supporting the order. *Phillips v. Am. Bankers Ins. Co. of Fla.*, No. 01-18-00375-CV, 2019 WL 3121856, at *6 (Tex. App.—Houston [1st Dist.] July 16, 2019, pet. denied) (mem. op.). Rather, we "independently review the entire record to determine whether the trial court abused its discretion." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006).

## B.    Law

As pertinent here, Rule 13 authorizes a trial court to impose sanctions against a party who signs a pleading that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13.[5]

---

[5]    Rule 13 states:

8

"Groundless" means having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *See id.* "Groundlessness turns on the legal merits of a claim." *Robson*, 267 S.W.3d at 405.

"Bad faith" requires evidence of the "conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *See Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 824 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Because courts must presume that pleadings are filed in good faith, the petition alone generally cannot establish that a plaintiff brought his case in bad faith or for the purpose of harassment. *Gomer v. Davis*, 419 S.W.3d 470, 479 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Accordingly, Rule 13 requires that the trial court hold an evidentiary hearing to make factual determinations about the motives and credibility of the person signing the petition. *Id.* at 478; *see* TEX. R. CIV. P. 13.

---

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment . . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215 upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law . . . .

TEX. R. CIV. P. 13.

9

If a party violates Rule 13, the trial court "shall impose an appropriate sanction available under Rule 215." TEX. R. CIV. P. 13. Available sanctions include striking the pleadings, with or without prejudice, and ordering the party to pay reasonable expenses, including attorney's fees. *See id.* 215.2(b). "[C]ase-determinative sanctions may only be imposed in exceptional cases, where they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules." *Cire v. Cummings*, 134 S.W.3d 835, 840–41 (Tex. 2004) (internal quotations omitted).

## C. Discussion

Miller's burden on appeal is to demonstrate that the trial court erred in determining that his pleadings were (1) groundless *and* (2) either filed in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; *Gomer*, 419 S.W.3d at 477.

### (1) *Groundlessness*

Miller's live pleading before the trial court at the time that it ruled on Maplewood's motion for sanctions was his Fourth Amended Petition.[6] In his

---

[6] Texas Rule of Civil Procedure 63 states that "any pleadings . . . offered for filing within seven days of the date of the trial . . . shall be filed only after leave of the judge is obtained . . . ." TEX. R. CIV. P. 63. The intent of Rule 63 is "to authorize amendment without leave of court if it is filed 'seven days or more before the date of trial.'" *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (quoting TEX. R. CIV. P. 63 cmt.); *see also Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) ("A summary judgment proceeding is a trial within the meaning of Rule 63."). The day on which the amended pleading is filed is not counted. TEX. R. CIV. P. 4; *Sosa*, 909 S.W.2d at 895. The last day of the period, which may be the day of the hearing, is included. *Sosa*, 909 S.W.2d at 895. Here,

petition, Miller argued that, "contrary to [this Court's] holding," "there is no evidence in the record that the conveyance[] of Unit 105 from Yigal Bosch has been reversed or set aside"; that Riverview "did exist as a legal entity at the time of the purported sale"; and that his evidence established that the "transfer[] to Riverview [was] not void, and therefore, Riverview acquired an interest in the property." He asserted that, based on the foregoing, Maplewood "did not and could not acquire ownership of Unit 105 at the foreclosure sale on September 7, 2021."

Thus, Miller's lawsuit in the 295th District Court sought to relitigate various transfers in the chain of title that had previously been found against him in the trial court, in this Court, and in the supreme court. Accordingly, the trial court could have reasonably concluded that Miller's petition was groundless. *See Robson*, 267 S.W.3d at 406.

(2)   *Bad faith or purpose of harassment*

With respect to the trial court's factual determinations as to bad faith or harassment, however, Miller has failed to present a record from the hearing that resulted in the sanctions order. *See Gomer*, 419 S.W.3d at 477. It is Miller's burden

---

Miller filed his Fourth Amended Petition on April 25, 2022, and the hearing on Maplewood's motion occurred on May 2, 2022. Because Miller's Fourth Amended Petition was timely filed seven days before the hearing, leave was not required, and it superseded his previous petitions and supplements. *See* TEX. R. CIV. P. 65; *Cont'l Alloys & Servs. (De.) LLC v. YangZhou Chengde Steel Pipe Co.*, 597 S.W.3d 884, 898 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

11

to furnish this Court with a record showing error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Without a record, we cannot determine whether the trial court committed error. *See Bosch v. Armstrong*, No. 01-08-00847-CV, 2009 WL 1635318, at *6 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.). On this record, we can find no abuse of discretion in the trial court's granting of Rule 13 sanctions. *See Appleton*, 76 S.W.3d at 87.

Because Miller has not provided a record of the sanctions hearing, and he has not asserted that the trial court failed to conduct a hearing or provide him with proper notice, we hold that any error is waived. *See Neal v. Kuniansky*, No. 01-05-00368-CV, 2006 WL 1493735, at *2 (Tex. App.—Houston [1st Dist.] June 1, 2006, no pet.) (mem. op.) (holding appellant's failure to file reporter's record of hearing waived any error regarding sanctions order striking pleadings); *Appleton*, 76 S.W.3d at 87; *Youngs v. Choice*, 868 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

Further, in imposing Rule 13 sanctions, a trial court is required to make particularized findings of good cause justifying the sanctions. *See* TEX. R. CIV. P. 13; *Robson*, 267 S.W.3d at 407. Here, the trial court made no such express findings. But Miller made no objection to the trial court's entry of sanctions without setting out the findings or the particulars of good cause justifying the sanctions. By failing

12

to object in the trial court, Miller has also waived any objection to the form of the sanctions order. *See* TEX. R. APP. P. 33.1(a); *Alexander v. Alexander*, 956 S.W.2d 712, 714 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

We therefore overrule issues 32 and 42 and uphold the trial court's imposition of Rule 13 sanctions.

## Summary Judgment

In issues 3, 12, 13–20, 24, 27, 34, and 44–49, Miller presents several iterations of the same complaint—that the trial court erred in granting summary judgment for Maplewood. He complains that Maplewood failed to establish by competent evidence its right to judgment as a matter of law on its defenses of res judicata and collateral estoppel. In issue 31, Miller challenges the trial court's summary judgment in favor of Maplewood on its collateral estoppel defense.

Because we have upheld the trial court's imposition of Rule 13 sanctions against Miller, including the striking of his pleadings, we do not reach, and are unable to reach, Miller's issues concerning the propriety of the trial court's summary judgment in favor of Maplewood on its affirmative *defenses*—res judicata and collateral estoppel—to Miller's live pleading. *See* TEX. R. CIV. P. 94 (affirmative defenses); *Turner v. Turner*, No. 14-00-00175-CV, 2001 WL 1098068, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2001, no pet.) (mem. op.) ("[W]e find it

axiomatic that if a party's pleadings have been struck, the party no longer has the right to present its case because it no longer has a case to present.").

Similarly, we do not reach Miller's challenges in issues 21–23, 28–30, 35–41, 43, and 50 to the transfers within the chain of title,[7] which again go to the trial court's conclusions on the issues of res judicata and collateral estoppel.

We therefore overrule issues 3, 12–24, 27–31, 34–41, 43–50.

**Abandoned Claims**

In issues 1, 2, and 4–10, Miller complains about matters relating to his request for injunctive relief. In issue 33, Miller argues that the condominium unit was his homestead and exempt from execution.

When Miller filed his Fourth Amended Petition, it superseded and supplanted his prior petition and supplements, which can no longer be considered. *See* TEX. R. CIV. P. 65; *Cont'l Alloys & Servs. (De.) LLC v. YangZhou Chengde Steel Pipe Co.*, 597 S.W.3d 884, 898 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). And, in his Fourth Amended Petition, Miller omitted his previous requests for injunctive

---

[7]     Miller asserts that Maplewood "judicially admitted" that "Judgments 2 Ca$h, LLC d/b/a Judgment Recovery Express owns legal title" to the property; that such assumed name "was begun on May 12, 2012 and continued throughout the 2017 case"; that "Woodrow Miller d/b/a Judgment Recovery Express" expired in 2009; that Maplewood failed to show that "Judgments 2 Ca$h, LLC d/b/a Judgment Recovery Express" is the owner of the property; that "Judgments 2 Ca$h, LLC d/b/a Judgment Recovery Express" became the record owner of the property in trust in 2015; that the property is "trust property"; that Miller is actually the "trustee"; and that Maplewood failed to name "the trust" in its lawsuit.

relief,[8] as well as his assertion that the unit was his homestead and therefore exempt from execution. The law treats claims omitted from an amended pleading as dismissed and abandoned. *Cont'l Alloys & Servs. (De.) LLC*, 597 S.W.3d at 898 (holding that plaintiff loses right to complain about error on appeal if, after complained-of ruling, plaintiff files amended pleading abandoning claims upon which trial court ruled).

We thus overrule issues 1, 2, 4–10, and 33.

### Waiver

In issue 11, Miller states:

WHETHER THE TRIAL COURT RECOGNIZED, OBEYED AND EXECUTED THE FIRST COURT OF APPEAL'S MANDATE RENDERED IN CAUSE NO. 2017-84842 ON JUNE 23, 2020 THAT STATED THIS CASE IS AN APPEAL FROM THE FINAL JUDGMENT SIGNED BY THE TRIAL COURT ON SEPTEMBER 19, 2018.

In issues 25 and 26, Miller asserts that his Fourth Amended Petition and Motion for Summary Judgment are each a "live pleading because [Maplewood] did not object to it."

---

[8] Further, because it is undisputed that Miller's condominium unit was sold during the course of the proceedings, the injunctive issues are moot. *See Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 330 (Tex. App.—Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). Moreover, temporary restraining orders are not appealable. *In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020).

15

As detailed above, we have upheld the striking of Miller's Fourth Amended Petition as a Rule 13 sanction. And Miller does not present cogent argument in support of any of these issues—and none can be discerned. *See* TEX. R. APP. P. 38.1(i) (appellate brief "must contain a clear and concise argument for the contentions made"); *cf. Weekley Homes*, 646 S.W.3d at 827. As a result, these issues are not properly before us to consider. *See Amrhein v. Bollinger*, 593 S.W.3d 398, 403 (Tex. App.—Dallas 2019, no pet.).

We therefore overrule issues 11, 25, and 26.

## Conclusion

For all the reasons above, we affirm the trial court's judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.